B1 (Official Form 1) (1/08)

| United States Bankruptcy Court<br>Northern District of Texas | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Erickson Retirement Communities, LLC** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete<br>EIN (if more than one, state all): **52-2003375** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete<br>EIN (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**701 Maiden Choice Lane**<br>**Baltimore, MD**<br><br>ZIPCODE **21228** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code):<br><br>ZIPCODE |
| County of Residence or of the Principal Place of Business: | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address)<br><br>ZIPCODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIPCODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIPCODE | |

**Type of Debtor**
(Form of Organization)
(Check one box.)

- [ ] Individual (includes Joint Debtors)
  *See Exhibit D on page 2 of this form.*
- [✓] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (If debtor is not one of the above entities, check this box and state type of entity below.)

**Nature of Business**
(Check one box.)

- [ ] Health Care Business
- [ ] Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [✓] Other

**Tax-Exempt Entity**
(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.)

- [ ] Chapter 7
- [ ] Chapter 9
- [✓] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts**
(Check one box.)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or house- hold purpose."
- [✓] Debts are primarily business debts.

**Filing Fee** (Check one box)

- [✓] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (Applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (Applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B.

**Chapter 11 Debtors**

Check one box:
- [ ] Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).
- [✓] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

Check if:
- [ ] Debtor's aggregate noncontingent liquidated debts owed to non-insiders or affiliates are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Check all applicable boxes:
- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

**Statistical/Administrative Information**

- [✓] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [ ] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [✓] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [✓] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [✓] |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Erickson Retirement Communities, LLC** | |
|---|---|---|
| **Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
| Location<br>Where Filed:**None** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
| Name of Debtor:<br>**None** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A**<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐ Exhibit A is attached and made a part of this petition. | **Exhibit B**<br>(To be completed if debtor is an individual whose debts are primarily consumer debts.)<br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by § 342(b) of the Bankruptcy Code.<br><br>X _____<br>Signature of Attorney for Debtor(s)                                    Date |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and Exhibit C is attached and made a part of this petition.
☑ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐ Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐ Exhibit D also completed and signed by the joint debtor is attached a made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord or lessor that obtained judgment)

_____

(Address of landlord or lessor)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

| **Voluntary Petition**<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Erickson Retirement Communities, LLC** |
|---|---|

| **Signatures** | |
|---|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under Chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United State Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>  Signature of Debtor<br>X _____<br>  Signature of Joint Debtor<br><br>_____<br>  Telephone Number (If not represented by attorney)<br><br>_____<br>  Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>  Signature of Foreign Representative<br><br>_____<br>  Printed Name of Foreign Representative<br><br>_____<br>  Date |

| **Signature of Attorney\*** | **Signature of Non-Attorney Petition Preparer** |
|---|---|
| X **/s/ Vincent Slusher**<br>  Signature of Attorney for Debtor(s)<br><br>**Vincent Slusher**<br>**DLA Piper LLP (US)**<br>**1717 Main Street, Suite 4600**<br>**Dallas, TX 75201**<br>**(214) 743-4500  Fax: (214) 743-4545**<br><br><br><br><br><br>**October 19, 2009**<br>  Date<br>\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: 1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; 2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h) and 342(b); 3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security Number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>_____<br><br>X _____<br>Signature of Bankruptcy Petition Preparer or officer, principal, responsible person, or partner whose social security number is provided above.<br><br>_____<br>Date |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X **/s/ Guy Sansone**<br>  Signature of Authorized Individual<br>**Guy Sansone**<br>  Printed Name of Authorized Individual<br>**Chief Restructuring Officer**<br>  Title of Authorized Individual<br>**October 19, 2009**<br>  Date | Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. § 110; 18 U.S.C. § 156.* |

© 1993-2009 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# ERICKSON RETIREMENT COMMUNITIES, LLC

The undersigned, being all of the directors of the Board of Directors (the "Board") of ERICKSON RETIREMENT COMMUNITIES, LLC, a Maryland limited liability company (the "Company"), do hereby adopt the following resolutions:

WHEREAS, the Board has considered the current and prospective financial and operational condition of the Company's business and has reviewed the historical performance of the Company and the current and long-term liabilities of the Company; and

WHEREAS, the Board has determined that it is in the best interests of the Company, its creditors, members, employees and other interested parties that petitions be filed by the Company and it affiliates, seeking voluntary relief under the provisions of Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "Chapter 11 Cases"); and

WHEREAS, the Board has determined that is it desirable and in the best interests of Erickson Group, LLC; Erickson Retirement Communities, LLC; Ashburn Campus, LLC; Columbus Campus, LLC; Concord Campus, LP; Concord Campus GP, LLC; Dallas Campus, LP; Dallas Campus GP, LLC; Erickson Construction, LLC; Hingham Campus, LLC; Houston Campus, L.P.; Kansas Campus, LLC; Lincolnshire Campus, LLC; Littleton Campus, LLC; Naperville Campus, LLC; Novi Campus, LLC; Senior Campus Services, LLC; Warminster Campus, L.P.; and Warminster Campus GP, LLC (collectively, the "Debtors"); and

WHEREAS, the Board has reviewed, considered, and received the recommendations of professionals and advisors to the Company as to the terms of a potential plan of reorganization that could be implemented during the course of the bankruptcy proceedings, which plan would include a sale of substantially all of the assets, operations and business of the Company to a successful bidder, the process of which includes execution and delivery of that certain Master Purchase and Sale Agreement to be dated on or about the date hereof among the Company, the Redwood Parties defined therein, Erickson Group, LLC and certain other parties a party thereto (the "Stalking Horse Purchase Agreement"); and

WHEREAS, in recognition of the numerous decisions to be made in connection with a bankruptcy proceeding and fluidity of the matters involved in preparing, confirming and consummating a plan of reorganization for the Company as part of the Chapter 11 Cases, the Board desires to appoint a restructuring committee to oversee all matters related to the foregoing, which restructuring committee shall report to the Board of Directors;

NOW, THEREFORE, IT IS HEREBY:

RESOLVED, that in the judgment of the Board, it is advisable and in the best interests of the Debtors, their creditors, their members, the residents at the retirement communities managed by the Company and other interested parties, that voluntary petitions be filed by the Debtors in the United States Bankruptcy Court (the "Bankruptcy Court") for the Northern District of Texas, Dallas Division under the provisions of Chapter 11 of the Bankruptcy Code at such time and in such venue as the Debtors' counsel and the Restructuring Committee (as defined below) deem appropriate; and

RESOLVED, that DLA Piper LLP (US) be retained under a general retainer to act as counsel to the Debtors in connection with the filing and administration of the Chapter 11 Cases, subject to any requisite bankruptcy court approval; and

RESOLVED, that Houlihan, Lokey, Howard & Zoukin, Inc. be retained under a general retainer to act as investment and financial consultant to the Debtors in the Chapter 11 Cases, subject to any requisite bankruptcy court approval; and

RESOLVED, that Alvarez & Marsal be retained under a general retainer to act as restructuring advisor to the Debtors in the Chapter 11 Cases, subject to any requisite bankruptcy court approval; and

RESOLVED, that BMC Group Inc. be retained under a general retainer as claims, balloting, and noticing agent to the Debtors in the Chapter 11 Cases, subject to any requisite bankruptcy court approval;

RESOLVED, that as part of the Chapter 11 Cases, the Company shall execute and deliver the Stalking Horse Purchase Agreement and any exhibits, parts, schedules or addendums thereto and any amendments or modifications thereto as the Board and the Restructuring Committee shall deem necessary or appropriate;

RESOLVED, that as part of the Chapter 11 Cases a definitive plan of reorganization shall be prepared and filed generally consistent with those certain restructuring term sheets dated June 22, 2009 for the restructuring of the Company and its secured indebtedness and that certain Letter of Intent with Redwood Capital Investments LLC ("Redwood") dated September 12, 2009 with such additions, changes, and modifications thereto as approved by the Restructuring Committee (the "Plan")

- 2 -

RESOLVED, in recognition of the numerous decisions to be made in connection with a bankruptcy proceeding and the fluidity of the matters involved in preparing, confirming and consummating a plan of reorganization for the Company as part of the Chapter 11 Cases, that the Board has determined that it is advisable and in the best interests of the Debtors, their creditors, their members, the residents at the retirement communities managed by the Company and other interested parties that the Board appoints and delegates a restructuring committee (the "Restructuring Committee") with the broad discretion and authority to prepare a plan of reorganization for the Company, to carry out such actions and decisions as are necessary in the course of the Chapter 11 Cases, to take such steps as are necessary to confirm and consummate a plan of reorganization for the Debtors and to otherwise make such binding decisions and agreements by and on behalf of the Debtors in connection with the Chapter 11 Cases as the Restructuring Committee deems advisable in its business judgment, including without limitation authority to (a) enter into binding agreements, stipulations and contracts with creditors, regulators, the not-for-profits entities, National Senior Campuses, Inc., the Bankruptcy Court, the U.S. Trustee's Office, purchasers and prospective purchasers of the Company's assets and other third parties concerning the Chapter 11 Cases, the Plan and any and all agreements of sale of the Company's assets (including, without limitation, the Stalking Horse Purchase Agreement and the Definitive Agreement as defined in the Letter of Intent with Redwood dated September 12, 2009 (the "Definitive Agreement"); (b) to enter into debtor-in-possession and cash collateral agreements, stipulations and related orders of the Bankruptcy Court; (c) to direct professionals, advisors and the Company's counsel; (d) to testify on behalf of the Company; and (e) to take such actions as the Restructuring Committee deems necessary or proper to finalize, confirm and consummate the Plan with such changes and modifications as the Restructuring Committee deems necessary in its business judgment and to otherwise agree to enter into and execute any and all related transactions as the Restructuring Committee deems necessary in its business judgment to accomplish the foregoing;

RESOLVED, that the Restructuring Committee shall report directly to the Board of Directors;

RESOLVED, that each of Scott Miller, Daniel O'Brien and Guy Sansone are hereby appointed as members of the Restructuring Committee;

RESOLVED, that any action taken by the Restructuring Committee with the unanimous approval of all members of the Restructuring Committee shall be binding upon the Company, and that the Restructuring Committee is hereby authorized, empowered and directed in the name of and on behalf of the Debtors to prepare a plan of reorganization for the Company, carry out such actions and decisions as are necessary in the course of the Chapter 11 Cases under the Bankruptcy Code, take such steps that are necessary to confirm and consummate a plan of reorganization for the Debtors and to otherwise make such binding decisions and agreements by and on behalf of the Company in connection with the Chapter 11 Cases as the Restructuring Committee deems advisable in its business judgment, including without limitation,

- 3 -

authority to (a) enter into binding agreements, stipulations and contracts with creditors, regulators, the not-for-profits entities, National Senior Campuses, Inc., the Bankruptcy Court, the U.S. Trustee's Office, purchasers and prospective purchasers of the Debtors' assets and other third parties concerning the Chapter 11 Cases, the Plan and any and all agreements of sale of the Debtors' assets (including, without limitation, the Stalking Horse Purchase Agreement and the Definitive Agreement); (b) to enter into DIP and cash collateral agreements, stipulations and related orders of the Bankruptcy Court; (c) to direct professionals, advisors and the Debtors' counsel; (d) to testify on behalf of the Debtors; and (e) to take such actions as the Restructuring Committee deems necessary or proper to finalize, confirm and consummate the Plan with such changes and modifications as the Restructuring Committee deems necessary in its business judgment and to otherwise agree to enter into and execute any and all related transactions as the Restructuring Committee deems necessary in its business judgment to accomplish the foregoing;

RESOLVED, that Guy Sansone as the Chief Restructuring Officer of the Company and Gerald Doherty as the General Counsel of the Company (the "Authorized Officers") be, and hereby are, authorized, empowered and directed as an authorized officer to carry out such actions, enter into such agreements and take such other steps as are necessary to implement the decisions of the Restructuring Committee including, without limitation, to (a) prepare and file a disclosure statement and a plan of reorganization, (b) prepare and file pleadings seeking court approval of debtor-in-possession financing and (c) enter into and execute the Stalking Horse Purchase Agreement, debtor-in-possession and cash collateral agreements, stipulations and related orders of the Bankruptcy Court, and such other amendments, modifications, agreements and documents as are necessary to carry out the intent of the foregoing or to confirm and consummate the Plan, (d) carry out all day-to-day negotiations and decision-making involving the Chapter 11 Cases, the plan of reorganization and modifications or changes thereto any sale of the Debtors' assets and any and all transactions or agreements related thereto; (e) execute and file in the name and on behalf of the Debtors all petitions, schedules, lists, affidavits, disclosure statement and other papers or documents, and (f) take any and all other actions, in each case as he deems necessary or proper to carry out the decisions of the Restructuring Committee or otherwise in connection with each Debtors' Chapter 11 Cases, the plan of reorganization and modifications or changes thereto any sale of the Debtors' assets and any and all transactions or agreements related thereto;

RESOLVED, that the Authorized Officers be, and hereby are, authorized, empowered and directed to execute and deliver any and all other agreements, instruments, certificates and other documents, to pay such fees, taxes and other amounts to give such notices, to make such filings, to obtain such governmental and third-party consents and agreements, and to take such actions in the name and on behalf of the Debtors as he may deem necessary or advisable to effectuate the purposes and intentions of the foregoing resolutions; and

RESOLVED, that the authority and power given under the foregoing resolutions shall be deemed retroactive and any and all acts authorized thereunder

- 4 -

performed prior to the passage of the foregoing resolutions be, and they hereby are, ratified and approved.

## ACKNOWLEDGEMENT AND CONSENT

The undersigned sole member of the Company hereby acknowledges, consents to and approves the foregoing resolutions and the transactions contemplated therein as of September 24, 2009.

ERICKSON GROUP, LLC

By: _____
Name: _GERALD F. DOHERTY_
Title: _SECRETARY_

- 5 -

**CERTIFICATE OF SECRETARY**
**OF**
**ERICKSON RETIREMENT COMMUNITIES, LLC**

The undersigned, Gerald Doherty, as Secretary of Erickson Retirement Communities, LLC certifies that attached are true, correct and complete copies of the Resolutions of the Board of Directors of Erickson Retirement Communities, LLC and each of its subsidiaries listed on Schedule I attached hereto as passed unanimously by said Board of Directors on October 19, 2009, which Resolutions are, on and as of the date hereof in full force and effect and have not been amended, altered or repealed.

**ERICKSON RETIREMENT**
**COMMUNITIES, LLC**

By: _____
Gerald Doherty, Secretary

## SCHEDULE I

Erickson Retirement Communities, LLC
Ashburn Campus, LLC
Columbus Campus, LP
Concord Campus GP, LLC
Concord Campus, LP
Dallas Campus GP, LLC
Dallas Campus, LP
Erickson Construction, LLC
Erickson Group, LLC
Hingham Campus, LLC
Houston Campus, LP
Kansas Campus, LLC
Lincolnshire Campus, LLC
Littleton Campus, LLC
Naperville Campus, LLC
Novi Campus, LLC
Senior Campus Services, LLC
Warminster Campus GP, LLC
Warminster Campus, LP.