**J. Mark Chevallier, State Bar No. 04189170**
**James G. Rea, State Bar No. 24051234**
**McGUIRE, CRADDOCK & STROTHER, P.C.**
**3550 Lincoln Plaza**
**500 N. Akard St.**
**Dallas, TX 75201**
**(214) 954-6800 Telephone**
**(214) 954-6850 Facsimile**
**Email: mchevallier@mcslaw.com**
**Email: jrea@mcslaw.com**
**ATTORNEYS FOR THE NON-PROFIT COMMUNITIES**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** § | **CASE NO. 09-37010** | |
| § | | |
| **ERICKSON RETIREMENT** § | **CHAPTER 11** | |
| **COMMUNITIES, LLC,** *et al.* § | **Joint Administration Pending** | |
| § | | |
| **Debtors.** | | |

**THE NSC NFP'S STATEMENT**
**IN SUPPORT OF AND REQUEST FOR**
**CLARIFICATION OF DEBTORS' CASH COLLATERAL MOTIONS**

Oak Crest Village, Inc., Greenspring Village, Inc., Riderwood Village, Inc., Brooksby Village, Inc., Seabrook Village, Inc., Cedar Crest Village, Inc., Ann's Choice, Inc., Maris Grove, Inc., Fox Run, Inc., Wind Crest, Inc., Ashby Ponds, Inc., Highland Springs, Inc., Eagle's Trace, Inc., Linden Ponds, Inc., Sedgebrook, Inc., Monarch Landing, Inc. and Tallgrass Creek, Inc. (collectively the "NSC NFP's"), by counsel, file this Statement in Support of and Request for Clarification of the Debtors' Cash Collateral Motions.

**The Debtors**

1.  On October 19, 2009 (the "Petition Date") Erickson Retirement Communities LLC, ("ERC") and 15 other petitioning debtors[1] (together with ERC, the "Debtors")  each

---

[1] In addition to ERC the other Debtors are Ashburn Campus, LLC, Columbus Campus, LP, Concord Campus GP, LLC, Concord Campus, LP, Dallas Campus GP, LLC, Dallas Campus, LP, Erickson Construction, LLC, Erickson

separately filed a voluntary chapter 11 petition pursuant to 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code").

## The Two Cash Collateral Motions

2.      On the Petition Date, ERC filed ERC's Motion for Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Granting Adequate Protection to Secured Lenders and (III) Scheduling a Final Hearing ("ERC's Cash Collateral Motion"). Additionally, on the Petition Date, Ashburn Campus, LLC, Columbus Campus, LP, Concord Campus GP, LLC, Concord Campus, LP, Dallas Campus, LP, Houston Campus, LP, Kansas Campus, LLC, Littleton Campus, LLC, Novi Campus, LLC, and Warminster Campus, LP filed a separate Motion for Interim and Final Orders (I) Authorizing the Use of Cash Collateral (II) Granting Adequate Protection to Secured Lenders and (III) Scheduling a Final Hearing (the "ERC Subsidiaries' Cash Collateral Motion," and collectively, the "Cash Collateral Motions"). The Cash Collateral Motions seek authority to use cash collateral and provide certain prepetition lenders that claim a lien on cash collateral (the "Senior Lenders") with, among other adequate protection, replacement liens on ERC's assets.

## The NSC NFP's Relationship With the Debtors

3.      The NSC NFP's non-profit mission is to provide high quality living facilities and services to the over 20,000 residents of the NSC NFP's communities.  The NSC NFP's contract with ERC to provide services to their residents and are thus ERC's largest customers. Additionally, the NSC NFP's are major creditors of ERC and its subsidiaries and may collectively have larger claims in these proceeds than any other single creditor.

---

Group, LLC, Houston Campus, LP, Kansas Campus, LLC, Littleton Campus, LLC, Novi Campus, LLC, Senior Campus Services, LLC, Warminster Campus GP, LLC, Warminster Campus, LP.

**Support for the Cash Collateral Motions**

4.    The NSC NFP's support the Debtors' Cash Collateral Motions and believe they are in the interest of all parties in this case, including residents of the NSC NFP's. ERC will need to use cash collateral in order to provide the daily services that it is contractually obligated to provide to the NSC NFP's. These services are extremely important to our residents and range from routine day to day care all the way to vital healthcare services.

**Request for Clarification**

5.    The NSC NFP's request clarification that any Interim or Final Order entered on the Cash Collateral Motions will not adversely affect any of the rights of the NSC NFP's or their approximately 20,000 residents. Accordingly, the NSC NFP's request that the Interim and Final Order entered on ERC's Cash Collateral Motion include a paragraph containing the language which is attached at Exhibit A.[2] Additionally, NSC NFP's request that the Interim and Final Order entered on the ERC subsidiaries' Cash Collateral Motion include a paragraph containing the language which is attached at Exhibit B.

        Respectfully Submitted

        /s/ Martin Fletcher    (10/21/09)
           Martin T. Fletcher, Bar No. 07608
        Thomas J. Francella, Delaware Bar No. 3835
        Stephen F. Fruin, Bar No. 08456
        Whiteford Taylor and Preston, L.L.P.
        Seven Saint Paul Street
        Baltimore, MD 21202

        and

---

[2] The NSC NFP's assume the two non-NSC sponsored not for profits also associated with ERC will want the same protections and have bracketed their names into the footnote on Exhibit A to show how they could easily be afforded the same relief.

/S/ J. Mark Chevallier___(10/21/09)___
J. Mark Chevallier, Texas Bar No.04189170
James G. Rea, Texas Bar No. 24051234
McGuire, Craddock & Strother, P.C.
3550 Lincoln Plaza
500 N. Akard Street
Dallas, TX 75201

    Attorneys for Oak Crest Village, Inc., Greenspring Village, Inc., Riderwood Village, Inc., Brooksby Village, Inc., Seabrook Village, Inc., Cedar Crest Village, Inc., Ann's Choice, Inc., Maris Grove, Inc., Fox Run, Inc., Ashby Ponds, Inc., Highland Springs, Inc., Eagle's Trace, Inc., Linden Ponds, Inc., Sedgebrook, Inc., Monarch Landing, Inc., and Tallgrass Creek, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October, 2009, a copy of the foregoing Statement was sent via electronic mail to all ECF participants.

/s/ Martin T. Fletcher  (10/21/09)
Martin T. Fletcher

1875612

# EXHIBIT A

**Paragraph to be Attached to Interim and Final Order on ERC's Cash Collateral Motion**

ORDERED that, notwithstanding anything contained in this Interim Order to the contrary, nothing in this Interim Order limits, reduces, impairs or alters any of the rights or claims of the NFP's[3], their communities (the "<u>Communities</u>"), or the residents of those Communities (the "<u>Residents</u>") against or with respect to the Debtors, the Debtors' property, the Debtors' lenders or the Debtors' lenders' collateral. These NFP and Resident rights and claims, to the extent of the validity and priority of such rights and claims, include, <u>but are not limited to</u>: (i) the rights and claims of the Residents to occupy their units, to utilize the facilities of their community, to receive the services promised under their Residence and Care Agreements, and the right to receive a refund of their Initial Entrance Deposit or Entrance Deposit pursuant to said Residence and Care Agreements; (ii) the rights and claims of the NFP's pursuant to their management agreements, lease agreements, licensing agreements, development agreements, loan agreements, working capital agreements, purchase option agreements, guarantee agreements, indemnity agreements, warranty agreements, and any other agreements with the Debtors; and (iii) any rights of setoff or recoupment and any other common law or statutory rights relating to any of the above arising from the relationship between the NFP's and the Debtors.

---

[3] The NFP's are: (i) Ann's Choice, Inc.; (ii) Ashby Ponds, Inc.; (iii) Brooksby Village, Inc.; (iv) Cedar Crest Village, Inc.; (v) Eagle's Trace, Inc.; (vi) Fox Run Village, Inc.; (vii) Greenspring Village, Inc.; (viii) Hickory Chase, Inc.; (ix) Highland Springs, Inc.; (x) Linden Ponds, Inc.; (xi) Monarch Landing, Inc.; (xii) Oak Crest Village, Inc.; (xiii) Riderwood Village, Inc.; (xiv) Seabrook Village, Inc.; (xv) Sedgebrook, Inc.; (xvi) Tallgrass Creek, Inc.; (xvii) and Wind Crest, Inc.; (xviii) Hickory Chase, Inc. , all of which are Maryland nonstock corporations,; and (xix) Maris Grove, Inc., a Pennsylvania corporation [; (xx) Henry Ford Village, Inc. and (xxi) Charlestown Community, Inc.]

6

# EXHIBIT B

**Paragraph to be Attached to Interim and Final Order on ERC subsidiaries' Cash Collateral Motion**

ORDERED that, notwithstanding anything contained in this Interim Order to the contrary, nothing in this Interim Order limits, reduces, impairs or alters any of the rights or claims of the NFP's[4], their communities (the "Communities"), or the residents of those Communities (the "Residents") against or with respect to the Debtors, the Debtors' property, the Debtors' lenders or the Debtors' lenders' collateral.  These NFP and Resident rights and claims, to the extent of the validity and priority of such rights and claims, include, but are not limited to:  (i) the rights and claims of the Residents to occupy their units, to utilize the facilities of their community, to receive the services promised under their Residence and Care Agreements, and the right to receive a refund of their Initial Entrance Deposit or Entrance Deposit pursuant to said Residence and Care Agreements; (ii) the rights and claims of the NFP's pursuant to their management agreements, lease agreements, licensing agreements, development agreements, loan agreements, working capital agreements, purchase option agreements, guarantee agreements, indemnity agreements, warranty agreements, and any other agreements with the Debtors; and (iii) any rights of setoff or recoupment and any other common law or statutory rights relating to any of the above arising from the relationship between the NFP's and the Debtors.

---

[4] The NFP's are: (i) Ann's Choice, Inc.; (ii) Ashby Ponds, Inc.; (iii) Eagle's Trace, Inc.; (iv) Fox Run Village, Inc.; (v) Hickory Chase, Inc.; (vi) Highland Springs, Inc.; (vii) Tallgrass Creek, Inc.; and (viii) Wind Crest, Inc, all of which are Maryland nonstock corporations; and  (ix) Maris Grove, Inc., a Pennsylvania corporation.