# Exhibit A

## Proposed Order

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 09-37010 (SGJ) |
| | § | |
| **ERICKSON RETIREMENT** | § | **CHAPTER 11** |
| **COMMUNITIES, LLC,** *et al.*[1] | § | **Jointly Administered** |
| | § | |
| **Debtors.** | § | |

## ORDER AUTHORIZING DEBTORS IN
## POSSESSION TO RETAIN HOULIHAN LOKEY HOWARD & ZUKIN
## CAPITAL, INC. AS INVESTMENT BANKER TO THE DEBTORS IN
## POSSESSION NUNC PRO TUNC TO THE PETITION DATE

Upon the application (the "Application")[2] of the above captioned debtors and debtors in

possession (the "Debtors"), for entry of an order to employ and retain Houlihan Lokey Howard

& Zukin Capital, Inc. ("Houlihan Lokey") as investment banker to the Debtors nunc pro tunc to

the Petition Date on the terms set forth in the Agreement, and upon consideration of the Niemann

Declaration in support of the Application; and the Court having jurisdiction over this matter

pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief

requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper

before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and due and proper notice of the

Application having been provided to the necessary parties, and it appearing that no other or

further notice need be provided; and a hearing having been held to consider the relief requested

in the Application (the "Hearing"); and the appearances of all interested parties having been

---

[1] The Debtors in these Chapter 11 cases are Erickson Retirement Communities, LLC, Ashburn Campus, LLC, Columbus Campus, LLC, Concord Campus GP, LLC, Concord Campus, LP, Dallas Campus GP, LLC, Dallas Campus, LP, Erickson Construction, LLC, Erickson Group, LLC, Hingham Campus, LLC, Houston Campus, LP, Kansas Campus, LLC, Lincolnshire Campus, LLC, Littleton Campus, LLC, Naperville Campus, LLC, Novi Campus, LLC, Senior Campus Services, LLC, Warminster Campus GP, LLP, Warminster Campus, LP.

[2] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings provided in the Application.

noted in the record of the Hearing; and upon the record of the Hearing, and all of the proceedings had before the Court; and it appearing that Houlihan Lokey neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that Houlihan Lokey is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and as required by section 327(a) of the Bankruptcy Code; and notice of the Application having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that the Application is granted <u>nunc pro tunc</u> to October, 19, 2009; and it is further

ORDERED, that the Debtors shall be, and hereby are, authorized to employ and retain Houlihan Lokey in accordance with the terms and conditions set in forth the Agreement; and it is further

ORDERED, that Houlihan Lokey will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in section 330 and 331 of the Bankruptcy Code; <u>provided</u>, <u>however</u>, that Houlihan Lokey shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Agreement, and subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas (the "<u>Local Rules</u>") and any other applicable orders of this Court; <u>provided</u>, <u>further</u>, that Houlihan Lokey's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code; and it is further

ORDERED, that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, orders of this Court or any guidelines regarding submission and approval of fee applications that, in light of services to be provided by Houlihan Lokey and the structure of Houlihan Lokey's compensation pursuant to the Agreement, Houlihan Lokey and its professionals shall be excused from maintaining time records in connection with the services to be rendered pursuant to the Agreement; and it is further

ORDERED, that notwithstanding the possible applicability of Rules 6004(h), 7062 or 9014 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that nothing in the Application or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

ORDERED, that to the extent that this Order is inconsistent with any prior order or pleading with respect to the Application in these cases, the terms of this Order shall govern; and it is further

ORDERED, that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.