# Exhibit B
# Niemann Declaration

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | CASE NO. 09-37010 (SGJ) |
| | § | |
| ERICKSON RETIREMENT | § | CHAPTER 11 |
| COMMUNITIES, LLC, *et al.*[1] | § | Jointly Administered |
| | § | |
| Debtors. | § | |

**DECLARATION OF MATTHEW R. NIEMANN IN SUPPORT THE APPLICATION OF THE DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO EMPLOY AND RETAIN HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS THEIR INVESTMENT BANKER AND FINANCIAL ADVISOR *NUNC PRO TUNC* TO THE PETITION DATE**

I, Matthew R. Niemann, being duly sworn, state the following under penalty of perjury:

1. I am a Managing Director and head of the Real Estate Restructuring practice of Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey") and am duly authorized to make this Declaration on behalf of Houlihan Lokey. The facts set forth in this Declaration are personally known to me and, if called as a witness, I could and would testify thereto.

2. This Declaration is submitted in support of the application of the above-captioned Debtors in this chapter 11 case for authorization of the employment and retention of Houlihan Lokey as investment banker and financial advisor to the Debtors at the expense of the Debtors' estate.

3. This Declaration is also submitted as the declaration pursuant to sections 327(a) and 328(a) of title 11 of chapter 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

---

[1] The Debtors in these Chapter 11 cases are Erickson Retirement Communities, LLC, Ashburn Campus, LLC, Columbus Campus, LP, Concord Campus GP, LLC, Concord Campus, LP, Dallas Campus GP, LLC, Dallas Campus, LP, Erickson Construction, LLC, Hingham Campus, LLC, Houston Campus, LP, Kansas Campus, LLC, Lincolnshire Campus, LLC, Littleton Campus, LLC, Naperville Campus, LLC, Novi Campus, LLC, Senior Campus Services, LLC, Warminster Campus GP, LLC, Warminster Campus, LP.

1

Rules") in support of the application (the "Application") of the above-captioned debtors (the "Debtors") to employ and retain Houlihan Lokey as investment bankers to the Debtors.

4. Established in 1970, Houlihan Lokey is an internationally recognized investment banking and financial advisory firm, with fourteen offices worldwide and more than 800 employees. Houlihan Lokey annually serves more than 1,000 clients ranging from closely held companies to Global 500 corporations, providing corporate finance and financial advisory services, as well as execution capabilities, in a variety of areas including financial restructuring. In 2008, Houlihan Lokey ranked as the No. 1 M&A advisor for United States transactions under $2 billion, according to Thomson Financial. The firm has been the No. 1 provider of M&A fairness opinions for eight consecutive years. Houlihan Lokey maintains one of the largest worldwide financial restructuring practices of any investment bank, with more than 160 professionals in the Financial Restructuring Group alone. The group employs an interdisciplinary approach to engagements and is accustomed to evaluating complex, highly leveraged situations in short time frames. Houlihan Lokey also is a recognized leader in effectuating M&A transactions for distressed companies, both in-and out-of-court. Houlihan Lokey's Health Care Group, which forms an integral part of the Houlihan Lokey team assisting the Debtors, was the number one healthcare M&A advisor in the U.S. for announced transactions in 2008.

5. Through its Financial Restructuring Group, Houlihan Lokey is one of the leading advisors and investment bankers to troubled companies, both inside and outside of bankruptcy, as well as to their bondholders, banks, other secured and unsecured creditors, Official Creditor Committees, acquirers, equity sponsors and other parties-in-interest involved with financially challenged companies.

6. Prior to re-joining Houlihan Lokey, I was a Managing Director with Cerberus Capital Chicago, an affiliate of Cerberus Capital Management, where I focused on private equity and lending investments. Prior to joining Cerberus, I was a Managing Director with Houlihan Lokey in its Chicago and Los Angeles Offices. Earlier in my career, I worked with the restructuring and corporate finance group of PricewaterhouseCoopers, and I practiced law with Bryan Cave in St. Louis in their corporate, banking, real estate and restructuring practices.

7. Houlihan Lokey has agreed to provide investment banking services to the Debtors in the above-captioned chapter 11 case pursuant to the terms and conditions of the engagement letter agreement between the Debtors and Houlihan Lokey (the "Agreement"), a copy of which is attached hereto as Exhibit C.

8. By way of further disclosure:

a) From time to time, Houlihan Lokey's Financial Restructuring Group, which is providing the services in this case, has provided services, and likely will continue to provide services to certain attorneys, other professionals, creditors (including lenders) and/or security holders of the Debtor and various other parties (including potential new investors), some of whom may be providing services to, or may be adverse to, or may be otherwise connected to, the Debtors, in each case in matters unrelated to this chapter 11 case.

b) In addition to its Financial Restructuring Group, Houlihan Lokey and the other subsidiaries of its direct parent company, Houlihan, Lokey, Howard & Zukin, Inc., that are engaged in providing investment banking and financial advisory services globally (collectively, the "Houlihan Lokey Group") provide services to a wide range of institutions and individuals and may in the past have had, and may currently or in the future have, financial advisory or other investment banking relationships with parties that may have interests with respect to the Debtors. In the ordinary course of business, investment funds affiliated with the Houlihan Lokey Group and certain of the Houlihan Lokey Group's employees, as well as investment funds in which such employees may have financial interests, but over whose investment decisions such employees have no input or control, may acquire, hold or sell, long or short positions, or trade or otherwise effect transactions, in debt, equity, and other securities and financial instruments (including bank loans and other obligations) of, or investments in, the Debtors or other parties that may have an interest in this chapter 11 case or have other relationships with the Debtors. With respect to any such securities, financial

instruments and/or investments, all rights in respect of such securities, financial instruments and investments, including any voting rights, will be exercised by the holder of the rights, in its sole discretion. Moreover, the Houlihan Lokey employees who are working on this chapter 11 case are subject to compliance mechanisms and policies and procedures designed to prevent confidential, non-public information from being improperly shared.

c) The Houlihan Lokey Group's Hedge Fund and Derivatives Valuation Services Group provides valuation opinions on the securities and derivative holdings of various business development companies, private equity firms and hedge funds, which may include debt securities of the Debtors. This work is unrelated to the financial advisory services that Houlihan Lokey intends to provide in this chapter 11 case. Moreover, the Houlihan Lokey Group, through the establishment of an "Information Wall" has separated its employees in the Hedge Fund and Derivatives Valuation Services Group from the rest of the employees of the Houlihan Lokey Group. This "Information Wall" includes physical and technological barriers, compliance mechanisms and policies and procedures designed to prevent confidential, non-public information and work product from being shared improperly.

d) Houlihan Lokey is indirectly majority-owned by ORIX USA Corporation, an affiliate of ORIX Corporation, a diversified financial services company based in Japan (collectively, "ORIX"), which has a wide-range of business interests in 26 countries. ORIX's businesses (other than the Houlihan Lokey Group) are not managed or controlled by the Houlihan Lokey Group or any of its employees and the Houlihan Lokey Group has no input into any of ORIX's decisions regarding its other businesses. While ORIX does control a majority of the equity of the Houlihan Lokey Group (approximately 48% of the common equity is held by Houlihan Lokey Group employees), the Houlihan Lokey Group is operated as a separate business from all other ORIX entities. As evidence of this separateness, (i) the Houlihan Lokey Group is governed by a 15-person board of directors, eleven of whom are Houlihan Lokey Group employees and four are designated by ORIX, (ii) the activities of the Houlihan Lokey Group are managed on a day-to-day basis exclusively by Houlihan Lokey Group employees, (iii) only the profits and losses of the Houlihan Lokey Group businesses are taken into account in valuing the equity of the Houlihan Lokey Group and (iv) the aggregate annual compensation of Houlihan Lokey Group professionals is set by formula and ORIX has no input in determining that amount.

e) Houlihan Lokey personnel may have business associations with certain creditors of the Debtors or counsel or other professionals involved in this chapter 11 case on matters unrelated to this chapter 11 case. In addition, in the ordinary course of its business, Houlihan Lokey may engage counsel or other professionals in unrelated matters who now represent, or in the future may represent, creditors or other interested parties in this chapter 11 case.

f) It has come to Houlihan Lokey's attention that Houlihan Lokey provides certain financial advisory services to Maxim Healthcare ("Maxim"). Maxim's affiliate is currently the proposed plan sponsor for the Debtors. To the best of my knowledge, Maxim (and specifically Houlihan Lokey's role with respect to Maxim) has no connection to the Debtors other than that an affiliated entity under common control that may seek to purchase some of the Debtors' assets.

g) Houlihan Lokey may have employees related to parties of interest in this chapter 11 case; however, Houlihan Lokey does not believe that these relationships would impair its status as a disinterested person.

To determine its relationship with parties in interest in this chapter 11 case, Houlihan Lokey has researched the client databases maintained with respect to the Houlihan Lokey Group to determine whether it has any relationships with the entities (individually an "Interested Party" and collectively, the "Interested Parties") that were identified to Houlihan Lokey by the Debtors. Such entities include

**Category**

**Current and Recent Former Entities Affiliated with the Debtors**

**Current and Recent Former Directors and Officers**

**Significant Unsecured Creditors**

**Secured Lenders**

**Subordinated Debt Holders**

**Utilities**

9. The attached Exhibit 1 details the relationship check performed by Houlihan Lokey, and identifies any relationships discovered through such investigation that members of the Houlihan Lokey Group have with any Interested Parties in these chapter 11 cases.

10. To the best of my knowledge, information and belief after reasonable inquiry, other than as disclosed in this Declaration, neither I, the Houlihan Lokey Group, nor any of our professionals or employees participating in or connected with Houlihan Lokey's engagement

with the Debtors: (i) is related to the Debtors or any other party in interest herein, the United States Trustee for the Northern District of Texas-Dallas Division or anyone employed in the United States Trustee's Office for this District; (ii) has any connection with or holds or represents any interest adverse to the Debtors, its estate, its creditors or any other Interested Party or their respective attorneys in the matters on which Houlihan Lokey is proposed to be retained; or (iii) has advised any Interested Party, except for the Debtors, in connection with this chapter 11 case. In addition, Houlihan Lokey does not believe that any relationship that the Houlihan Lokey Group or any of our professionals or employees participating in or connected with Houlihan Lokey's engagement with the Debtors may have with any Interested Party in connection with any unrelated matter will interfere with or impair Houlihan Lokey's representation of the Debtors in this chapter 11 case.

11. To the extent Houlihan Lokey discovers any facts bearing on the matters described herein during the period of Houlihan Lokey's retention, Houlihan Lokey undertakes to amend and supplement the information contained in this Declaration to disclose such facts.

12. Based on all of the foregoing, Houlihan Lokey is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code.

13. No agreement presently exists to share with any other person or firm any compensation received by Houlihan Lokey for its services in this case. If any such agreement is entered into, Houlihan Lokey undertakes to amend and supplement this Declaration to disclose the terms of any such agreement.

14. No promises have been received by Houlihan Lokey, or by any employee thereof, as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

EAST\42574547.1

15. I am generally familiar with the Bankruptcy Code and the Bankruptcy Rules, and Houlihan Lokey will comply with them, subject to the Orders of this Court.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: October 22, 2009

*[signature]*

Matthew R. Niemann

# EXHIBIT 1

## *RELATIONSHIPS WITH INTERESTED PARTIES (since 2000)*

| Corporate Finance | Engagement Summary | Status |
|---|---|---|
| Hillcrest | General Financial Advisory | Closed |

| Financial Advisory Services | Engagement Summary | Status |
|---|---|---|
| ADP, Inc. | Various Financial Advisory | Closed |
| Alston & Bird, LLP | Litigation | Closed |
| Bank of America Corporation | Various Financial Advisory | Closed |
| Chevy Chase Bank | Various Financial Advisory | Closed |
| Chevy Chase, FSB | Various Financial Advisory | Closed |
| EMC Corporation | Various Financial Advisory | Closed |
| E*Trade Financial Corporation | Litigation-Expert Witness-Arbitration | Active |
| Fifth Third Bank | Various Financial Advisory | Closed |
| Oracle Corporation | Various Financial Advisory | Closed |
| PricewaterhouseCoopers LLP | Estate & Gift Tax Advisory | Closed |
| Qwest Communications International, Inc. | Fairness | Closed |
| Sprint Nextel Corporation | Solvency | Closed |
| Squire, Sanders & Dempsey, LLP | Litigation | Closed |
| Wachovia/Wells Fargo | Various Financial Advisory | Active / Closed |
| Wilmington Trust | FMV Non-Transaction Based Opinion | Closed |

| Financial Restructuring | Engagement Summary | Status |
|---|---|---|
| Bank of America | Creditor Advisory | Closed |
| Capmark Finance | Creditor Advisory | Active |
| Frontier Airlines, Inc. | Creditor Advisory | Closed |
| Hillcrest | Debtor Advisory | Closed |
| Wachovia/Wells Fargo | Creditor Advisors | Closed |

EAST\42574547.1