

**U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS**

**ENTERED**

**TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET**



**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed November 24, 2009**

_____
**United States Bankruptcy Judge**

---

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 09-37010 (SGJ) |
| | § | |
| ERICKSON RETIREMENT COMMUNITIES, LLC, *et al.*,[1] | § § § | Chapter 11 |
| | § | Jointly Administered |
| Debtors. | § | |

### ORDER AUTHORIZING ADDITIONAL PROTECTIONS TO RESIDENTS' <u>INITIAL ENTRANCE DEPOSITS</u>

Upon the Debtors' Motion For an Order Authorizing Debtors to Escrow Initial Entrance Deposits, dated October 20, 2009 (the "<u>Initial IED Motion</u>") and the Debtors' Motion For an Order Authorizing Additional Protections to Residents' Initial Entrance Deposits, dated November 9, 2009 (the "<u>Subsequent IED Motion</u>," together with the Initial IED Motion, the "<u>Motions</u>"), and all as more fully set forth in the Motions; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motions and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being

---

[1] The Debtors in these Chapter 11 cases are Erickson Retirement Communities, LLC, Ashburn Campus, LLC, Columbus Campus, LLC, Concord Campus GP, LLC, Concord Campus, LP, Dallas Campus GP, LLC, Dallas Campus, LP, Erickson Construction, LLC, Erickson Group, LLC, Houston Campus, LP, Kansas Campus, LLC, Littleton Campus, LLC, Novi Campus, LLC, Senior Campus Services, LLC, Warminster Campus GP, LLC, Warminster Campus, LP.

EAST\42619798.1

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and due and proper notice of the Motions having been provided to the necessary parties; and it appearing that no other or further notice need be provided; and hearings having been held to consider the relief requested in the Motions (the "Hearings"); and the appearances of all interested parties having been noted in the record of the Hearings; and upon the record of the Hearings and all of the proceedings had before the Court; and the Court having determined that the relief sought in the Motions is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having determined that the legal and factual bases set forth in the Motions establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Motions are GRANTED as provided for herein; it is further ORDERED that all capitalized terms not defined herein shall have the meaning ascribed to them in the Motions; it is further

**ORDERED** that the Debtors are authorized to escrow all postpetition IEDs transferred to the Debtor Landowners, which, for the purpose of this Order and for the avoidance of doubt, include all payments from residents associated with postpetition Initial Entrance Deposits, including postpetition "P-Notes" or postpetition flex pay arrangements, and any postpetition EDs paid by a resident with respect to a unit previously occupied by a former resident who paid an IED and subsequently received a refund of such IED from the Escrow Agent (as defined below) during this chapter 11 case (collectively, the "IEDs"), until the occurrence of a Trigger Event or Closure Event (as such terms are defined herein) as set forth herein; it is further

**ORDERED** that with respect to each CCRC where the landowner is a Debtor in these proceedings, each Debtor Landowner shall designate an independent escrow agent (the "Escrow Agent"), no later than three business (3) days after the entry of this Order, to receive and hold in trust the IEDs received from the residents of the particular CCRC into an escrow account (the "Escrow Account"), pursuant to this Order. The Escrow Agent shall be any bank that is authorized to do business where the respective CCRC is located, if required by applicable state law, and that is a member of the Federal Deposit Insurance Corporation; it is further

**ORDERED** that with respect to each such CCRC, the respective Debtor Landowner, NFP, and Escrow Agent shall execute a mutually agreeable escrow agreement, based upon the form which is attached to the Order Authorizing Debtors to Escrow Initial Entrance Deposits, dated November 6, 2009 (the "Initial IED Order"), as Exhibit A, no later than seven (7) days after the entry of this Order in compliance with the terms of the Initial IED Order as amended by this Order; it is further

**ORDERED** that with respect to each such CCRC, on each date that a particular IED is available for release to the respective Debtor Landowner as provided under the Community Loan, such IED will be delivered to the Escrow Agent forthwith to be deposited into the Escrow Account; it is further

**ORDERED** that with respect to each such CCRC, the Debtor Landowner must provide to the prepetition agent of the Construction Loan (the "Prepetition Agent", which shall, for the purposes of this Order, include relevant indenture trustees) an accounting of the IEDs deposited into the Escrow Account every two weeks, beginning no later than November 16, 2009,

including the name of the Resident from whom the IED was collected, the building and unit number to which the IED pertains, and the amount of such IED; it is further

**ORDERED** that with respect to each such CCRC, the Prepetition Agent shall have a continuing first priority lien against the IEDs and all proceeds thereof subject to (i) the validity, priority or extent that such lien existed prepetition; (ii) the rights of the residents in such IEDs as set forth below, and (iii) any further orders of this Court regarding interests in the IEDs including the DIP Financing Orders; it is further

**ORDERED** that with respect to each such CCRC, the following transfers shall occur upon the earlier of (i) a disposition of the assets of the respective Debtor Landowner (through sale, transfer of equity interests or otherwise) (other than a Closure Event, as defined below) or (ii) confirmation of a plan of reorganization (each, a "<u>Trigger Event</u>"), and pursuant to and in accordance with the terms of any of this Court's orders authorizing the Debtors to obtain postpetition financing or use cash collateral (collectively, the "<u>DIP Financing Orders</u>"): (x) except for the IEDs and the Escrow Account associated with the Ann's Choice Campus,[2] upon a Trigger Event, the respective Debtor Landowners and NFPs shall jointly deliver to the Prepetition Agent and DIP Lender notice of their request to the Escrow Agent to release all IEDs held in the Escrow Account by the Escrow Agent, and upon the expiration of three (3) business days after receipt of such notice, the Escrow Agent shall, provided no objection has been delivered to the Escrow Agent either the DIP Lender or Prepetition Agent, within such time period, immediately turn over to the DIP Lender (and, if applicable, the appropriate lienholders pursuant to the DIP Financing Orders), all IEDs held in the Escrow Account by the Escrow

---

[2] In the case of the Ann's Choice campus, the Ann's Choice Trustee and the NFP shall apply the IEDs pursuant to their obligations under the indentures, loan agreements and other bond documents associated with the Ann's Choice Campus and only the balance of the IEDs shall be deposited in the Escrow Accounts.

Agent, which IEDs shall be applied by the DIP Lender (and, if applicable, the appropriate lienholders pursuant to the DIP Financing Orders) to satisfy the individual Debtors' obligations under the DIP Financing loan documents pursuant to and in accordance with the terms and conditions of the DIP Financing Orders or cash collateral orders, as applicable, without further order of this Court; and (y) any remaining sums of IEDs held in the Escrow Account (including the Escrow Account associated with the Ann's Choice Campus) after the application of clause (x) shall be turned over to the Prepetition Agent and applied to the Debtors' obligations under the Construction Loan (or in the case of the Ann's Choice Campus, applied pursuant to the indentures, loan agreement and other bond documents); it is further

**ORDERED** that should any transaction involving a Debtor Landowner occur that results in a closure of any CCRC (a "Closure Event"), the Escrow Agent, upon receiving joint notice from the applicable Debtor Landowner and NFP, shall return the IEDs in the Escrow Account to the respective residents of such CCRC who had made such payments without further order of this Court; it is further

**ORDERED** that nothing herein shall prevent any party in interest from requesting a status conference concerning the matters described herein or requesting that the terms hereof be modified; it is further

**ORDERED** that until the occurrence of a Trigger Event, residents shall be entitled to refunds of their respective IEDs, to the extent deposited in the Escrow Account, during the pendency of these cases if they cease to reside in their respective CCRC and comply with all the requirements set forth in their Residence and Care Agreement, without the necessity of a new resident occupying the departing resident's unit set forth in an addendum providing for such

refund; provided, that such addendum shall only be effective until the occurrence of a Trigger Event; it is further

**ORDERED** that, with regard to the Ann's Choice campus, located in Warminster, Pennsylvania, the Debtors may only escrow the net amount left after the IEDs have flowed through applicable waterfalls, pursuant to applicable bond indentures and loan agreements; it is further

**ORDERED** that the Debtors may not escrow any IEDs transferred to non-Debtor entities; it is further

**ORDERED** that this order is entered without prejudice to the Motion, Pursuant to Bankruptcy Rule 9023, to Amend and Modify filed by the Official Committee of Unsecured Creditors (the "Committee") on November 16, 2009 (Docket 319) (the "Motion to Amend").  All rights asserted within the Motion to Amend are reserved for later determination by the Court.  By request of the Prepetition Agent, the Motion to Amend shall be set for hearing by the Court in January 2010.  The delay in hearing the Motion to Amend shall not in any way prejudice the Committee's rights or arguments asserted in the Motion to Amend; it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or relating to the implementation of this Order.

### ### End of Order ###