U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

**Signed November 24, 2009**                **United States Bankruptcy Judge**

---

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| **In re:** | § | **CASE NO. 09-37010 (SGJ)** |
| | § | |
| **ERICKSON RETIREMENT** | § | **CHAPTER 11** |
| **COMMUNITIES, LLC,** *et al.*[1] | § | **Jointly Administered** |
| | § | |
| **Debtors.** | § | |

## ORDER AUTHORIZING DEBTORS IN
## POSSESSION TO RETAIN HOULIHAN LOKEY HOWARD & ZUKIN
## CAPITAL, INC. AS INVESTMENT BANKER TO THE DEBTORS IN
## POSSESSION NUNC PRO TUNC TO THE PETITION DATE

Upon the application (the "Application")[2] of the above captioned debtors and debtors in possession (the "Debtors"), for entry of an order to employ and retain Houlihan Lokey Howard

---

[1] The Debtors in these Chapter 11 cases are Erickson Retirement Communities, LLC, Ashburn Campus, LLC, Columbus Campus, LLC, Concord Campus GP, LLC, Concord Campus, LP, Dallas Campus GP, LLC, Dallas Campus, LP, Erickson Construction, LLC, Erickson Group, LLC, Hingham Campus, LLC, Houston Campus, LP, Kansas Campus, LLC, Lincolnshire Campus, LLC, Littleton Campus, LLC, Naperville Campus, LLC, Novi Campus, LLC, Senior Campus Services, LLC, Warminster Campus GP, LLP, Warminster Campus, LP.

[2] Unless otherwise noted, capitalized terms used but not defined herein shall have the meanings provided in the Application.

EAST\42619801.1

& Zukin Capital, Inc. ("Houlihan Lokey") as investment banker to the Debtors nunc pro tunc to the Petition Date on the terms set forth in the Agreement, and upon consideration of the Niemann Declaration in support of the Application; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409, and due and proper notice of the Application having been provided to the necessary parties, and it appearing that no other or further notice need be provided; and a hearing having been held to consider the relief requested in the Application (the "Hearing"); and the appearances of all interested parties having been noted in the record of the Hearing; and upon the record of the Hearing, and all of the proceedings had before the Court; and it appearing that Houlihan Lokey neither holds nor represents any interest adverse to the Debtors' estates; and it appearing that Houlihan Lokey is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14); and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and as required by section 327(a) of the Bankruptcy Code; and notice of the Application having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED, that the Application is granted nunc pro tunc to October, 19, 2009 and all Objections to the Application and this Order are overruled or withdrawn (as set forth on the record at the Hearing) except as set forth herein; and it is further

ORDERED, that the Debtors shall be, and hereby are, authorized to employ and retain Houlihan Lokey in accordance with the terms and conditions set in forth the Agreement, with the following modifications:

EAST\42619801.1

1. At the Court's request, Houlihan Lokey has agreed and the Agreement shall be modified pursuant to this Order such that the determination of Aggregate Gross Consideration under Paragraph 7 of the Agreement shall exclude any consideration paid to existing equity holders unless; (i) all creditors shall have been paid in full; or (ii) the Official Committee of Unsecured Creditors (the "Committee") otherwise consents to including such consideration in Aggregate Gross Consideration under the Agreement;

2. Houlihan Lokey has voluntarily agreed and the Agreement shall be modified pursuant to this Order such that under Paragraph 9 of the Agreement, any multiple simultaneous Transactions with one or more third parties shall be subject to the Restructuring Fee Cap, as opposed to the Restructuring Fee Cap only applying to multiple simultaneous Transactions with one third party; and it is further

ORDERED, that Houlihan Lokey will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in section 330 and 331 of the Bankruptcy Code; provided, however, that Houlihan Lokey shall be compensated and reimbursed pursuant to section 328(a) of the Bankruptcy Code in accordance with the terms of the Agreement, and subject to the procedures set forth in the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules") and any other applicable orders of this Court; provided, further, that Houlihan Lokey's fees and expenses shall not be evaluated under the standard set forth in section 330 of the Bankruptcy Code except that the Court, the United States Trustee (the "U.S. Trustee") and the Committee shall be permitted to review the Transaction

EAST\42619801.1

Fees (as defined in the Agreement) pursuant to the reasonableness standards set forth in section 330 of the Bankruptcy Code; <u>provided</u>, however, that in determining the reasonableness of the Transaction Fees under section 330, among other factors that the Court, the U.S. Trustee and the Committee should consider is whether the Transaction Fees are comparable to the range of fees paid to investment bankers in comparable transactions both in and outside of court in this and other Districts, as provided in section 330(a)(3)(F) of the Bankruptcy Code.  Neither the U.S. Trustee nor Houlihan Lokey shall rely upon this provision as binding precedent in any other chapter 11 proceedings; and it is further

ORDERED, that nothing in this Order shall prejudice the later allocation of Houlihan Lokey's fees and expenses among the Debtor's various estates, if such allocation is appropriate and necessary per further Court order; and it is further

ORDERED, that notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy Rules, orders of this Court or any guidelines regarding submission and approval of fee applications that, in light of services to be provided by Houlihan Lokey and the structure of Houlihan Lokey's compensation pursuant to the Agreement, Houlihan Lokey and its professionals shall be excused from maintaining time records in connection with the services to be rendered pursuant to the Agreement; and it is further

ORDERED, that the indemnification provisions of the Agreement are approved; and it is further

ORDERED, that if, before the entry of an order closing these chapter 11 cases, any Indemnified Party believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement, including without limitation the advancement of defense costs, such Indemnified

Party must file an application therefor in this Court, and the Debtors may not pay any such amounts to the Indemnified Party before the entry of an order by this Court approving the payment. This paragraph is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by Indemnified Parties for indemnification, contribution or reimbursement, and is not a provision limiting the duration of the Debtors' obligation to indemnify Indemnified Parties; and it is further

ORDERED, that no party may bring against any Indemnified Party any suit, proceeding or other action relating in any way to the Debtors or these chapter 11 cases in any court located in any jurisdiction without an application to and order of this Court; and it is further

ORDERED, that notwithstanding the possible applicability of Rules 6004(h), 7062 or 9014 of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED, that nothing in the Application or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED, that the Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application; and it is further

ORDERED, that to the extent that this Order is inconsistent with any prior order or pleading with respect to the Application in these cases, the terms of this Order shall govern; and it is further

EAST\42619801.1

ORDERED, that the Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### End of Order ###