U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET




**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed May 4, 2010** **United States Bankruptcy Judge**

---

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | Case No. 09-37010 (SGJ) |
| ERICKSON RETIREMENT COMMUNITIES, LLC, *et al.*, | : | (Jointly Administered) |
| Debtors. | : | |

**STIPULATION AND ORDER AMONG ERICKSON RETIREMENT COMMUNITIES, LLC, *ET AL.*, REDWOOD CAPITAL INVESTMENTS, LLC AND VERIZON BUSINESS GLOBAL LLC**

This stipulation (the "Stipulation") is made this ___ day of April, 2010, by and among the above-captioned debtors[1] (collectively, the "Debtors") in these chapter 11 cases (the "Chapter 11 Cases"), Redwood – ERC Senior Living Holdings, LLC and its subsidiaries (collectively

[1] The Debtors in these chapter 11 cases are Erickson Retirement Communities, LLC, Ashburn Campus, LLC, Columbus Campus, LLC, Concord Campus GP, LLC, Concord Campus, LP, Dallas Campus GP, LLC, Dallas Campus, LP, Erickson Construction, LLC, Erickson Group, LLC, Houston Campus, LP, Kansas Campus, LLC, Littleton Campus, LLC, Novi Campus, LLC, Senior Campus Services, LLC, Warminster Campus GP, LLC, Warminster Campus, LP.

"Redwood"), purchaser of substantially all of the Debtors' assets, and Verizon Business Global LLC and its affiliates and subsidiaries (collectively "Verizon Business") (the Debtors, Redwood and Verizon Business are hereafter collectively referred to as the "Parties").

**WHEREAS**, on October 19, 2009 (the "Petition Date"), the Debtors commenced the Chapter 11 Cases, and each of the Debtors continues to operate its businesses and manage its properties as a debtor-in-possession pursuant to §§ 1107(a) and 1108 of 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code");

**WHEREAS**, the Debtors and Verizon Business, specifically, Verizon Business Network Services, Inc. on behalf of MCI Communications Services, Inc. d/b/a Verizon Business Services, are parties to a telecommunications agreement, dated June 17, 2009 (together with all amendments, supplements, purchase orders, riders, change orders and other documents related thereto, the "2009 Service Agreement"), pursuant to which Verizon Business provides certain telecommunications services to one or more of the Debtors;

**WHEREAS**, the Debtors and Verizon Business, specifically, Verizon Business Network Services, Inc. on behalf of Verizon Maryland, Inc., are parties to a telecommunications agreement, dated February 28, 2008 (together with all amendments, supplements, purchase orders, riders, change orders and other documents related thereto, the "2008 Service Agreement" and collectively with the 2009 Service Agreement, the "Service Agreements"), pursuant to which Verizon Business provides certain telecommunications services to one or more of the Debtors;

**WHEREAS**, on February 1, 2010, Verizon Business filed a proof of claim in the amount of $240,608.98 against debtor Erickson Retirement Communities, LLC for pre-petition services provided to the Debtors, which has been numbered in the claims register by BMC Group, the

Debtors' notice, claims and solicitation agent in the Chapter 11 Cases (the "Claims Agent") as Claim No. 783 (the "Pre-Petition Claim");

**WHEREAS**, the Debtors have provided a deposit in the amount of $148,000.00 to Verizon Business for adequate assurance of post-petition payment pursuant to § 366 of the Bankruptcy Code (the "Adequate Assurance Deposit");

**WHEREAS**, Redwood has indicated that it is interested in receiving services provided by Verizon Business that were previously utilized by the Debtors pursuant to the Service Agreements;

**WHEREAS**, the Parties have entered into negotiations as to the assumption and assignment of the Service Agreements pursuant to § 365 of the Bankruptcy Code;

**WHEREAS**, the Debtors, Redwood and Verizon Business have each determined that, subject to the Bankruptcy Court's approval, it is in the best interests of the Parties to enter into this Stipulation to effectuate the assumption and assignment of the Service Agreements and the treatment of related cure obligations on the terms set forth herein; and

**WHEREAS**, this Stipulation will be fully effective upon approval by the Bankruptcy Court.

**NOW, THEREFORE**, in consideration of the foregoing recitals, which are incorporated into this Stipulation, and the covenants and conditions contained herein, the Parties hereby agree as follows:

1. Upon the later of the Closing of the Redwood/Debtors sale transaction or the Effective Date of the Plan, the Debtors will assume the Service Agreements and assign the Service Agreements to Redwood.

2. Verizon Business does not oppose assumption and assignment of the Service Agreements to Redwood, and waives its right to an immediate cure of any pre-petition and post-petition, pre-assignment defaults under the Service Agreements. This waiver is contingent on the Effective Date[2] of the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as may be amended, which is currently set for confirmation hearing on April 15, 2010.

3. Verizon Business expressly retains the Pre-Petition Claim, as it may be amended. Redwood shall not be liable or responsible in any way for the payment of the Pre-petition Claim.

4. In addition, Verizon Business expressly retains any post-petition, pre-assignment administrative claims, including its right to apply the Adequate Assurance Deposit to satisfy such claims. Redwood shall not be liable or responsible in any way for the payment of such pre-Effective Date administrative claims.

5. Verizon Business agrees to apply any unapplied cash and credits to the pre-petition and post-petition balances for services provided to the Debtors. Cash provided or credits earned pre-petition will be applied to pre-petition balances, and in the event that pre-petition unapplied cash and earned credits exceed the pre-petition balance, Verizon Business will apply the excess cash and credits to the post-petition balance.

6. To the extent that Bankruptcy Court approval is necessary to effect the setoff of any unapplied cash and credits to the pre-petition balances, the Debtors do not oppose and consent to this Stipulation approving such setoff.

---

[2] As defined in the Debtors' Fourth Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, as may be amended.

7. Except as expressly set forth in this Stipulation, the Debtors and Redwood hereby waive, release and discharge Verizon Business from any and all claims or other liabilities that the Debtors or Redwood may be entitled to file or assert now or in the future that arose prior to the Petition Date from or related to payments made and services provided under the Service Agreements, specifically including any avoidance actions under Chapter 5 of the Bankruptcy Code.

8. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

9. This Stipulation shall be binding upon (i) all successors and assigns of each of the Parties to the Stipulation, and (ii) any subsequently appointed Chapter 11 trustee or Chapter 7 trustee to the extent one is appointed.

10. Neither this Stipulation, nor the settlements provided for herein, nor any statement made, action or position taken, or document prepared or executed in connection with the negotiation, execution or implementation of this Stipulation and the compromise and settlement of claims provided for herein shall be deemed to be, or construed as, an admission by any of the Parties of any liability, wrongdoing, act or matter or that any claim or defense has or lacks merit.

11. This Stipulation comprises the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties in respect of the subject matter hereof.

12. This Stipulation shall not be modified, altered, amended or vacated without written consent of the Parties hereto. Oral modifications are not permitted.

13. For purposes of construing this Stipulation, none of the Parties shall be deemed to have been the drafter of the Stipulation.

14. Each of the Parties agrees to submit to the exclusive jurisdiction of the Bankruptcy Court for any action to enforce or interpret this Stipulation. Any request for relief brought before the Bankruptcy Court to resolve a dispute arising from or related to this Stipulation shall be brought on proper notice and in accordance with relevant Bankruptcy Rules and Local Bankruptcy Rules.

15. This Stipulation may be executed in counterparts, each of which will be deemed an original, but all of which together will constitute one and the same agreement. Signatures to this Stipulation transmitted by facsimile transmission, by electronic mail in "portable document format" (".pdf") form, or by any other electronic means intended to preserve the original graphic and pictorial appearance of a document, will have the same effect as physical delivery of the paper document bearing the original signature.

16. Notwithstanding the possible applicability of Federal Rules of Bankruptcy Procedure 6004(h), 7062, 9014 or otherwise, this Stipulation, and the obligations of the Parties hereunder, shall be in full force and effect upon approval by the Bankruptcy Court.

**IN WITNESS WHEREOF** and in agreement herewith the Parties have executed and delivered this Stipulation as of the date first set forth above.

ERICKSON RETIREMENT COMMUNITIES, *ET AL.*

By: /s/Gerald F. Doherty
Name: Gerald F. Doherty
Title: Executive Vice President

VERIZON BUSINESS GLOBAL LLC, including all affiliates and subsidiaries thereof

By: /s/Darrel W. Clark
Name: Darrel W. Clark, Esq.
Stinson Morrison Hecker LLP
Title: Attorneys for Verizon Business Global LLC

REDWOOD – ERC SENIOR LIVING HOLDINGS, LLC
including all affiliates and subsidiaries thereof

By *_/s/R. D. Sones_*

Name: Randall D. Sones
Title: Vice President